FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JAN 15 P 5:45

CLERK'S OFFICE
AT BALTIMORE

                    DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERNON E. BROWN, III, #347-938 | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-13-3271 |
| GREGG L. HERSHBERGER, et al. | * | |
| Respondents | * | |

***

## MEMORANDUM

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed pro se by Vernon E. Brown, III (hereinafter "Brown"), who is an inmate at Western Correctional Institution in Hagerstown, Maryland. ECF 1. Respondents, by their counsel, have filed a response requesting dismissal of the petition as time-barred (ECF 4), to which Brown has replied. ECF 6. The case is briefed and ready for disposition. The court now rules pursuant to Local Rule 105.6 (D. Md. 2011), no hearing deemed necessary.

## PROCEDURAL BACKGROUND

In this federal habeas petition, Brown is challenging his 2007 judgment of conviction in the Circuit Court for Baltimore County, Maryland, for attempted armed robbery and a related weapons offense. Brown pleaded guilty to the offenses on September 24, 2007. On December 17, 2007, he was sentenced to serve 25 years of incarceration. Brown did not file an application for leave to appeal the entry of his guilty plea and sentence. ECF 4, Exhibit 1.

On April 21, 2010, Brown filed a motion to correct an illegal sentence, which was denied on May 5, 2010. *Id.* The Court of Special Appeals of Maryland in an unreported opinion filed on May 6, 2011, affirmed the ruling with the court's mandate issuing on June 21, 2011. ECF 4

Exhibit 2. Brown did not seek review of this determination in the Court of Appeals of Maryland, and thus, the decision became final on July 6, 2011. *See* Md. Rule 8-302(a) (requiring petition for a writ of certiorari to be filed in the Court of Appeals within 15 days of the issuance of the mandate of the Court of Special Appeals). ECF 4, Exhibit 1.

On November 18, 2011, Brown initiated post-conviction proceedings in the Circuit Court for Baltimore County. A hearing on his post-conviction petition was held on January 26, 2012. The post-conviction court denied the petition on August 7, 2012. *Id.* Brown's application for leave to appeal this decision was denied summarily by the Court of Special Appeals by unreported opinion filed on June 5, 2013, and the mandate issued on July 8, 2013. *Id*, Exhibit 3.

Brown's federal habeas petition was received by the Clerk on November 4, 2013. For purposes of assessing timeliness under 28 U.S.C. § 2244(d)(1)-(2) (1996), the court will treat the petition as delivered to prison authorities on the date it was signed by Brown, October 29, 2013. *See* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule); *see also United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. § 2255).

## DISCUSSION

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d); *Wall v. Kholi*, 131 S. Ct. 1278, 1283

(2011).[1]

Given the procedural history outlined above, Brown's December 17, 2007, judgment of conviction became final on January 16, 2008, when the time for filing for leave to appeal expired. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(e) (2008) (providing that appeal of a guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (providing that application for leave to appeal be filed within 30 days after entry of judgment or order from which appeal is sought). Further, Brown did not seek review of the May 6, 2011, Court of Special Appeals's decision affirming denial of his motion to correct an illegal sentence. Consequently, that decision became final on July 6, 2011. *See* Md. Rule 8-302(a) (requiring petition for a writ of certiorari to be filed in the Court of Appeals within 15 days of the issuance of the mandate of the Court of Special Appeals).

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under these facts, the limitations period set forth under 28 U.S.C. § 2244(d) started to run on January 16, 2008, and expired one year later. Brown's petition, filed on October 29, 2013, was filed well outside this time period. During this time, was there no "properly filed state post-conviction or other collateral review" proceeding to statutorily toll the limitations period.

The one-year period may be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing *Harris*, 209 F.3d at 330 (4th Cir. 2000)). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Brown asserts that he is entitled to equitable tolling of the limitations period because his trial counsel informed him on an unstated date "that she was going to file a motion to modify his sentence, and petitioner informed counsel to ask that is [sic] be held sub curia." ECF 6 ¶ 3. Notably, Brown does not allege how his trial counsel's conduct prevented the timely filing of his federal habeas petition. Brown has not presented sufficient facts to show extraordinary circumstances that warrant equitable tolling of the limitations period. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). Accordingly, the court will dismiss the petition as untimely filed.

## CONCLUSION

For the foregoing reasons, the petition will be dismissed as time-barred. The undersigned finds there is no substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), and a certificate of appealability shall not issue.

January 15, 2014
Date

/s/ James K. Bredar
James K. Bredar
United States District Judge